THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIBETH HERRINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | (JURY) |
| UNIVERSITY OF TEXAS M.D. | § | |
| ANDERSON CANCER CENTER | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1. Plaintiff Maribeth Herrington ("Herrington")was formerly employed by University of Texas M.D. Anderson Cancer Center (the "Company") for eight (8) years in the architecture and project management groups. In September of 2006, Herrington complained to her supervisor about discriminatory remarks made by a coworker. Following her report, Herrington began to experience adverse employment actions which ultimately resulted in Herrington's termination from employment on January 27, 2007.

2. Accordingly, Herrington brings this action to recover her lost wages and benefits pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. Section 2000e et seq. (2009) ("Title VII") which forbids retaliation by employers against employees who report workplace discrimination.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C.A. Section 1331 (2009).

4. Herrington files this complaint in the district in which a substantial part of the events or omissions giving rise to the

claims occurred. As such, venue is proper in this district pursuant to 28 U.S.C.A. Section 1391(b)(2)(2009).

PARTIES

5. Herrington is an individual residing in Houston, Harris County, Texas.

6. The Company, a component of the University of Texas System, is doing business in Houston, Texas and can be served with citation by serving its president, John Mendelsohn, M.D. at 1515 Holcombe, Houston, Texas 77030. The Company is an employer, engages in an industry affecting commerce, and employs more than fifteen (15) regular employees.

FACTS

7. Herrington began her employment with the Company on or about January 3, 1999, as an architect. She was promoted to senior architect in September of 2000 and again, in September of 2003, to senior project manager. Additionally, Herrington met or exceeded expectations in each of her performance evaluations with the Company during her employment.

8. In September of 2006, Herrington complained to her manager, Cecile Krauss ("Krauss"), about recurring discriminatory conduct on the part of Herrington's male coworkers. In response to Herrington's complaint, Krauss told Herrington that she "would pick her battles."

9. Approximately three (3) weeks later, Herrington was issued a "coaching and counseling interview" document by Krauss. This was the first such document issued to Herrington during her

-2-

eight (8) years of employment with the Company.

10. During a telephone call on October 2, 2006, Krauss informed Herrington that she (Krauss) had been instructed by her supervisor, Stuart Bernau ("Bernau") "to take care of business" with respect to Herrington.

11. During a meeting on October 18, 2006, to discuss the coaching and counseling interview document, Herrington told Krauss and Bernau that she believed that the coaching and counseling interview document was issued in retaliation for her complaint of discrimination.

12. On November 9, 2006, Krauss reassigned Herrington's project management responsibilities for a planned building to a newly hired male project manager. Krauss told Herrington that it would be Herrington's job to take notes for the new project manager.

13. On November 14, 2006, Herrington again raised the issue of retaliation in a meeting with Krauss and Bernau. Herrington requested a transfer to a different group which was denied by Bernau.

14. On December 6, 2006, Krauss issued a second coaching and counseling interview document to Herrington. Additionally, Krauss criticized Herrington's work on another project in January of 2007.

15. In January of 2007, Herrington received an email at work from email address within the Company directing her to "click on the link" provided. Herrington was unable to open the link and eventually discussed it with Richard Rokovich ("Rokovich") in the

IT department.

IT department.       Herrington was able to open the link with Rokovich's help.

16.  When she opened the link on January 23, 2007, Herrington discovered a termination notice pertaining to her.  The next day, Herrington began researching how to file a formal written complaint of retaliation.   Before Herrington was able to take action, her employment was terminated on January 26, 2007 by Bernau.

17.    Herrington filed a charge with the Equal Employment Opportunity Commission ("EEOC") on September 25, 2007. A Notice of Rights Letter was issued on December 8, 2008.  This lawsuit timely followed. As such, all requisite administrative remedies have been exhausted.

CAUSE OF ACTION

Violations of Title VII-Retaliation

18.   The Company's conduct as described above is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-3(a)(2007) which states in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this title; or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this title.

19.   In sum, Herrington engaged in an activity protected by Title VII and suffered an adverse employment as a direct and proximate result.  As such, the Company's conduct is in violation of Title VII.

20.   As a result of the willful conduct described above,

Herrington has suffered a loss of wages and lost benefits. Thus, Herrington is entitled to reinstatement, actual and exemplary damages.

## ATTORNEYS' FEES

21. Herrington has had to employ counsel for which she seeks reasonable attorneys' fees pursuant to 42 U.S.C. Section 2000e 5(k) (2009).

## JURY DEMAND

22. Herrington requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, James prays that on final trial she be awarded judgment against the Company as follows:

a.    reinstatement;

b.    actual damages;

c.    damages in the form of back pay (lost wages) and lost benefits as a result of her termination;

d.    interest on all back pay and monetary benefits;

e.    exemplary damages;

f.    costs of Court;

g.    reasonable attorneys' fees;

h.    prejudgment and post-judgment interest on the amounts awarded above at the highest rate allowed by law; and

j.    such additional relief to which Herrington may show herself justly entitled.

Respectfully submitted,

*Mark Siurek/PH*

Mark Siurek
TBA# 18447900
Fed ID# 9417
3355 W. Alabama, Suite 1010
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

Douglas B. Welmaker
TBA# 00788641
Fed. ID# 17038
3355 West Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com