IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIBETH HERRINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-CV-00601 |
| | § | |
| UNIVERSITY OF TEXAS M.D. | § | |
| ANDERSON CANCER CENTER, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE LEE H. ROSENTHAL:

NOW COMES UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER (M.D. Anderson), and files its Answer and Affirmative Defenses in response to Plaintiff's Original Complaint. Pursuant to Fed. R. Civ. Pro. 8(b), Defendant denies each and every allegation contained in Plaintiff's Original Complaint except for those expressly admitted below.

### SUMMARY OF SUIT

1. Admit that Plaintiff is a former employee of M.D. Anderson. Deny that M.D. Anderson is a "company." Deny that Plaintiff made a complaint regarding discriminatory remarks of a co-worker. Deny that Plaintiff experienced adverse employment actions as a result of making the alleged report. Admit that Plaintiff was terminated effective January 27, 2007.

2. M.D. Anderson lacks sufficient information to admit or deny accuracy of statement.

## JURISDICTION AND VENUE

3. M.D. Anderson admits that Plaintiff brings her claims pursuant to 28 U.S.C. §§1331 but denies any violation of the aforementioned statute.

4. Admit.

## PARTIES

5. Admit.

6. Deny that M.D. Anderson is a "company." Admit remaining statements.

## FACTS

7. Admit that Plaintiff received performance evaluations that met or exceeded expectations from 1999 until 2006. Deny all remaining statements.

8. Deny.

9. Admit that Plaintiff was coached in September, 2006 regarding her failure to comply with the Institutional Attendance Policy and failure to demonstrate the core value of "caring" in her interactions with others. Deny that at the time of the coaching, Plaintiff had been employed with M.D. Anderson for eight years.

10. Deny.

11. Deny.

12. Admit that project responsibilities were reassigned to male project manager on November 7, 2006 as a result of client complaints regarding Plaintiff's job performance, but deny that he was "newly hired." Deny remaining statements.

13. Deny.

14. Admit.

15. Defendant lacks sufficient information to be able to admit or deny statements.

16. Defendant lacks sufficient information to be able to admit or deny statements.

17. Admit that Plaintiff filed a charge of discrimination on September 25, 2006 and received a notice of right to sue letter on or about December 8, 2006.

## CAUSE OF ACTION

### Violations of Title VII - Retaliation

18. Deny.

19. Deny.

20. Deny.

## ATTORNEYS' FEES

21. Not necessary to admit or deny.

## JURY DEMAND

22. Not necessary to admit or deny.

## PRAYER

Defendant denies that Plaintiff is entitled to any of the relief requested.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Pleading further, Defendant states that it is entitled to the following affirmative defenses:

1. Defendant asserts the affirmative defense of sovereign immunity, to the extent applicable.

2. Defendant asserts the affirmative defense of limitations, to the extent applicable.

3. Defendant asserts that Plaintiff failed to exhaust all administrative remedies available to her.

4. At all times relevant to this cause, Defendant complied with all state and federal laws.

5. Defendant asserts that any alleged actions taken against Plaintiff were based on neutral, non-retaliatory practices.

6. Any challenged action, practice, or policy taken against Plaintiff was reasonably necessary to business or governmental operations.

7. Defendant asserts that Plaintiff has failed to avoid or mitigate her damages as required by law.

8. Defendant asserts that it acted in good faith and without malice, willfulness, or intent.

9. Defendant expressly reserves the right to assert additional and further affirmative defenses as the facts developed in this litigation may warrant.

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        C. ANDREW WEBER
        First Assistant Attorney General

        DAVID S. MORALES
        Deputy Attorney General for Civil Litigation

        ROBERT B. O'KEEFE
        Chief, General Litigation Division


         s/ Erika M. Laremont
        ERIKA M. LAREMONT
        Attorney-in-Charge
        Texas Bar No. 24013003
        Assistant Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120
        (512) 320-0667  FAX

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on May 4, 2009, a true and correct copy of the foregoing instrument was filed with the Court's ECF system and the parties were notified of the same electronically to:

MARK SIUREK
Texas Bar No. 18447900
3355 W. Alabama, Suite 1010
Houston, TX 77098

         s/ Erika M. Laremont
        ERIKA M. LAREMONT
        Assistant Attorney General