**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARIBETH HERRINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-0601 |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| M.D. ANDERSON CANCER CENTER, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

I.      **Background**

       Maribeth Herrington sued her former employer, the University of Texas M.D. Anderson

Cancer Center, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*

In her amended complaint, she alleged that she was discriminated against and subjected to a hostile

work environment on the basis of her sex.  She also alleged that after she complained, she was fired

in retaliation for the complaint.  (Docket Entry No. 20-1).  After discovery, M.D. Anderson moved

for summary judgment.  (Docket Entry No. 27).  Herrington responded, (Docket Entry No. 31), and

M.D. Anderson replied, (Docket Entry No. 32).

       Based on the pleadings; the motion, reply, and response; the summary judgment record; and

the law, this court granted M.D. Anderson's motion for summary judgment and entered final

judgment on November 24, 2010.  (Docket Entry No. 37, 38).  Herrington has now moved for leave

to file a motion to reconsider and alter judgment that exceeds the page limit.  (Docket Entry No. 39).

She has also filed a 34-page, largely single-spaced, motion to reconsider and to alter judgment.

(Docket Entry No. 40).  The defendant objected to both the length of Herrington's submission and its merits.  (Docket Entry No. 41).

Based on a careful review of her motions, the objections, the November 24, 2010 Memorandum and Opinion, and the record, this court grants Herrington's motion for leave to exceed the page limit and denies the motion to reconsider or alter the judgment.  The reasons are explained below.

## II.     The Standard for a Request for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).  Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b).  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order.  *Steadfast Ins. Co. v. SMX 98, Inc.*, Civ. A. No. H-06-2736, 2009 WL 3190452 (S.D.Tex. Sept. 28, 2009) (drawing the line at 10 days instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1, 2009).  Because Herrington moved for reconsideration within 28 days, Rule 59(e) applies.

A Rule 59(e) motion "calls into question the correctness of a judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment

issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).   The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly.   *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**III.    Analysis**

This court thoroughly presented the factual and legal grounds for granting summary judgment in its 23-page November 24 Memorandum and Opinion.   (Docket Entry No. 37). Herrington does not provide new evidence in her motion for reconsideration.  (Docket Entry No. 40 at 2).   Herrington's primary argument is that Stuart Bernau failed to report her complaint of sex discrimination to the Human Resources department.

Herrington argues:

> The Court, in its opinion of November 24, 2010, completely failed to address the evidence that Stuart Bernau, the supervisor who terminated the Plaintiff, violated M. D. Anderson's Equal Employment Opportunity Policies, by failing to report Plaintiff's discrimination complaint to Human Resources and that Human Resources failed to conduct a full investigation of her discrimination complaint, as  it is required to do under the hospital's own policies. Such failure to follow its own policies is evidence of discrimination and retaliation, as pointed out in the Plaintiff's Sur-reply.   In this Motion, Plaintiff Maribeth Herrington directs the court to additional motivation of why Stuart Bernau terminated the plaintiff—because he could have been terminated himself for violating the hospital policies that require him to forward Plaintiff's discrimination complaint to Human Resources.

(Docket Entry No. 40 at 1–2).

3

This argument does not entitle Herrington to the relief she seeks.  The evidence she cites does not raise a fact issue as to whether M.D. Anderson took an adverse employment action against her "because of . . . [her] sex" or in retaliation for her protected activities under Title VII.  *See* 42 U.S.C. § 2000e-3(a).

The summary judgment evidence shows that on November 9, 2006, after Herrington's supervisors, Cecile Kraus and Stuart Bernau, had decided to transfer Herrington's duties as project manager for the IMRI Suite project to Lamar Singletary, Herrington sent an e-mail to Bernau.  The email stated that the new assignment "may not be according to MDACC Equal Employment Opportunity Policy V.A.2.0" and asked for a meeting.  (Docket Entry No. 29, Ex. 1C).  Bernau met with Herrington on November 14.  In an e-mail Bernau sent after that meeting, he asked Herrington to provide him with a document that stated the violation she believed was present and indicated the specific policy article supporting it.  (Docket Entry No. 27 Ex. 1D).  Herrington did not respond to this e-mail.

In December 2006, Herrington had responded to Bernau's requests for information on the IMRI Suite project by providing meeting notes and agendas but not meeting minutes.  Kraus and Herrington had another coaching and counseling interview on the IMRI Suite problems.  Herrington e-mailed Bernau stating that she was sick and asking for a "reasonable accommodation" to respond to the criticisms of her work and reminding Bernau that she expected him and Kraus to act according to M.D. Anderson's EO and nonretaliation policies.  (Docket Entry No. 31, Ex. 11).  The record does not contain her written response.  In mid-January 2007, the discovery that Herrington had accessed, printed, and retained confidential information about other employees led to her

termination.[1]

Herrington argues that the absence of evidence that Bernau submitted her complaints to the Human Resources Department creates a fact issue as to whether his subsequent actions, including the decision to fire her in January 2007, was in retaliation for her complaints.   Herrington specifically argues that Bernau's failure to send her November 9, 2006 e-mail or her earlier verbal complaints about what she believed was preferential treatment of two male coworkers in meetings in September and October 2006 to the Human Resources Department violated M.D. Anderson policy.   Herrington asserts that Bernau was afraid that he would be fired because he had not complied with the policy requiring complaints of discrimination to be forwarded to the Human Resources Department.

Herrington's evidence does not raise a fact issue as to retaliation.  First, Herrington offers nothing but speculation that Bernau feared for his own job.  The evidence shows that Bernau asked Herrington for more information about the basis for her November 2006 e-mail complaining about discrimination, and that she did not respond.  Even assuming that Bernau failed to notify the Human Resources Department of her complaint and that this violated M.D. Anderson policy, that does not give rise to a fact issue as to M.D. Anderson's nondiscriminatory and nonretaliatory explanation for its actions: that Herrington was an underperforming employee, whose work was strongly and repeatedly criticized, who accessed private personnel information about other employees and was dishonest about it when questioned by her supervisors.  And, as the Supreme Court explained in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000), even if there is some

---

[1]   In this court's November 24 Memorandum and Opinion, there is a typographical error on page 22.  The opinion refers to requests Herrington made to her supervisors, Cecile Kraus and Stuart Bernau between September and December 2008 that they follow the M.D. Anderson's EEO and nonretaliation policies.  The date should have been between September and December 2006.

evidence tending to show that the employer's proffered legitimate reason for its challenged employment actions is false, "an employer would be entitled to judgment as a matter of law if the . . . plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *See also Fisher v. Vassar Coll.*, 114 F.3d 1332, 1338 (2d Cir. 1997) ("[I]f the circumstances show that the defendant gave the false explanation to conceal something other than discrimination, the inference of discrimination will be weak or nonexistent").

As this court explained in the November 24 Memorandum and Opinion, the summary judgment record contains significant uncontroverted evidence that there was no discrimination or retaliation.  M.D. Anderson doctors and employees complained to Herrington's supervisors about her performance, leading to reassignment and coaching and counseling sessions.  Later, Herrington downloaded and printed personnel information, refusing to surrender it to her supervisors when repeatedly asked to do so orally and in writing.  Herrington's only explanation for her failure to produce the personal information when requested was that her work environment was "hostile." (Docket Entry No. 31, Ex. 1 at 122).  By contrast, Bernau's failure to follow policy, if any, is weak evidence of a false explanation or pretext.  In an e-mail to Herrington, he told her that her statements about discrimination and the violation of M.D. Anderson policy raised a "very serious issue" requiring "an immediate response," and specifically asked her for a "document that states the violation and indicate[s] the specific policy article that supports the violation."  (Docket Entry No. 27, Ex. 1D).  Herrington has offered no evidence that she responded with any further information. She offered  no evidence to show that Bernau's decision not to report her complaints would have resulted in any disciplinary action against him.  The record lacks evidence suggesting that any M.D. Anderson supervisor has been disciplined for failing to report a similar complaint, especially after

the employee failed to respond to a prompt request for additional information.  This kind of weak

evidence of pretext that fails to create a jury issue under *Reeves*.  *See, e.g.*, *Price v. Fed. Express

Corp.*, 283 F.3d 715, 723–25 (5th Cir. 2002) (comparing cases in which the evidence of pretext

sufficed to survive summary judgment with those in which it did not).

## IV.    Conclusion

Herrington's motion to exceed the page limit is granted.  The motion to reconsider and alter

judgment is denied.

SIGNED on January 19, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge